UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 9:19-cv-80613-RLR

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

v.

BRIAN FETTNER,

                Defendant,

LISELOTTE SANDBERG and
KATHY M. MICALI,

                Relief Defendants.

## FINAL JUDGMENT

THIS CAUSE is before the Court on Plaintiff's Unopposed Motion for Judgment. DE 4. The Motion [DE 4] is **GRANTED** as follows: The U.S. Securities and Exchange Commission ("Commission") having filed a Complaint, and Defendant Brian Fettner ("Defendant Fettner"), Relief Defendant Liselotte Sandberg ("Relief Defendant Sandberg"), and Relief Defendant Kathy M. Micali ("Relief Defendant Micali") each having entered a general appearance; consented to the Court's jurisdiction over him or her and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VI); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Fettner is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

by: (i) buying or selling a security of any issuer, on the basis of material nonpublic information, in breach of a fiduciary duty or other duty of trust or confidence that is owed directly, indirectly, or derivatively, to the issuer of that security or the shareholders of that issuer, or to any other person who is the source of the information; or (ii) by communicating material nonpublic information about a security or issuer, in breach of a fiduciary duty or other duty of trust or confidence, to another person or persons for purposes of buying or selling any security.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant Fettner's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Fettner or with anyone described in (a).

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Fettner is liable for a civil penalty in the amount of $252,995.30 pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1]. Defendant shall satisfy this obligation by paying $252,995.30 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; identifying Brian Fettner as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant shall pay post-judgment interest on

3

any delinquent amounts pursuant to 28 U.S.C. § 1961.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Relief Defendant Sandberg is liable for disgorgement of $197,792.80, representing profits gained as a result of the conduct alleged in the complaint, together with prejudgment interest thereon in the amount of $7,333.77, for a total of $205,126.57.  Relief Defendant Sandberg shall satisfy this obligation by paying $205,126.57 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Relief Defendant Sandberg may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Relief Defendant Sandberg may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

   Enterprise Services Center
   Accounts Receivable Branch
   6500 South MacArthur Boulevard
   Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; identifying Relief Defendant Sandberg as a relief defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Relief Defendant Sandberg shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, relief Defendant Sandberg relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Relief Defendant Sandberg.

Amounts collected shall be applied first to disgorgement and then prejudgment interest, until the disgorgement and prejudgment interest amounts in this Final Judgment are fully satisfied; only then shall any amount be applied to post-judgment interest.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Relief Defendant Sandberg shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Relief Defendant Micali is liable for disgorgement of $3,343.83, representing profits gains as a result of the conduct alleged in the complaint, together with prejudgment interest thereon in the amount of $116.56, for a total of $3,360.39.  Relief Defendant Micali shall satisfy this obligation by paying $3,360.39 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Relief Defendant Micali may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Relief Defendant Micali may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; identifying Relief Defendant Micali as a relief defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Relief Defendant Micali shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, relief Defendant Micali relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Relief Defendant Micali.

Amounts collected shall be applied first to disgorgement and then prejudgment interest, until the disgorgement and prejudgment interest amounts in this Final Judgment are fully satisfied; only then shall any amount be applied to post-judgment interest.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Relief Defendant Micali shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant Fettner, Relief Defendant Sandberg, and Relief Defendant Micali shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant Fettner, and further, any debt for

disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant Fettner under this Final Judgment or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant Fettner of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

In light of the fact that Final Judgment is entered in this case, the Cerk of the Court shall **CLOSE THIS CASE** for statistical purposes.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 30th day of May, 2019.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record